## Ohio & Kentucky Fuel Company v. First National Bank of Jackson.

(Decided October 14, 1924.)

### Appeal from Breathitt Circuit Court.

Guaranty—Condition of Guaranty by Bank Held Not Complied with, and Bank Not Liable.—Where bank guaranteed buyer of coal against loss in connection with two or three cars for which no bills of lading had been furnished, on condition that it would deliver check for sixteen cars, less advancement, buyer only delivered check to seller for balance due after deducting advancement and five cars which were confiscated, bank was not liable on guaranty.

A. M. RUSSELL for appellant.

W. L. KASH for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

The Ohio & Kentucky Fuel Company is a corporation doing a coal business at Cincinnati, Ohio. It bought coal from J. G. C. Spencer, of Jackson, Kentucky. A controversy arose between it and Spencer as to the number of cars he had shipped to it. He claimed that he had shipped sixteen cars of coal; it claimed that he had only shipped thirteen cars and five of these thirteen had been confiscated and had not reached it. Spencer was getting the money from the First National Bank of Jackson, Kentucky, to buy the coal which he was shipping to the fuel company. On February 7, 1920, the bank wrote the fuel company a letter in which, among other things, it said this:

"If you will deliver to Mr. Spencer your check for the sixteen cars of coal, less the amount you advanced Mr. Spencer, which was $500.00, we will be willing to guarantee you against any loss whatsoever in connection with the two or three cars that you claim you cannot pay for on account of not having the bills of lading and release signed by the shipper. Mr. Spencer is to deposit your check in our bank there in Cincinnati, Fifth Third National Bank, and immediately upon receipt of their advice that the account has been passed to our credit we will assume the responsibility of this guarantee. As to the five cars which were confiscated and which were reconsigned by you we will also guarantee you against Mr. Spencer collecting for these five cars and not accounting for same. Of course we do not know how long it will take you to get your money from these five cars, but as Mr. Spencer informs us that they were reconsigned to the Pennsylvania Railroad, or the Vermillion Malleable Iron Company, we take it that you know these people are good and that you are not taking any chances as to them."

The fuel company agreed to accept the guaranty and gave the bank notice of its agreement. Then Spencer went to Cincinnati. There the fuel company paid $1,225.-23, which was the amount coming to him for the cars which he had shipped, less the $500.00 which had been paid him, and not including the five cars which had been confiscated, but including the three cars which he claimed to have shipped and which the fuel company had not re-

ceived. These cars amounted to $475.37. The fuel company brought this suit against the bank to recover this sum with interest. The court at the conclusion of the evidence, which showed the above facts, instructed the jury peremptorily to find for the defendant. The plaintiff appeals.

The offer of the bank was conditional. It guaranteed the fuel company against any loss in connection with the two or three cars for which no bills of lading had been furnished, but this was on condition that the fuel company would deliver a check for the sixteen cars of coal, less $500.00 which had been advanced thereon. The fuel company did not comply with the condition. It did not deliver a check for the sixteen cars less the $500.00 which had been advanced, but only delivered to him a check for the balance due on sixteen cars after deducting $500.00 and the five cars which were confiscated. It will thus be seen that the fuel company did not comply with the terms of the guaranty and the condition not being complied with the guarantor was not bound.

Judgment affirmed.